Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4514 | **DATE** | 9/24/2004 |
| **CASE TITLE** | DEAN LETO and RHONDA J. LETO vs. RCA CORPORATION, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiffs' motion to remand is granted. Therefore, we do not have jurisdiction to rule on defendants' motion to dismiss. Plaintiffs' request for attorneys' fees is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 2 7 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEAN LETO and RHONDA J. LETO, )
)
Plaintiffs, )
)
vs. ) No. 04 C 4514
)
RCA CORPORATION (now known as )
THOMSON INC.), WAL-MART )
STORES, INC., and SEARS, ROEBUCK )
AND CO., )
)
Defendants. )

DOCKETED
SEP 2 7 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs Dean and Rhonda Leto brought this action against defendants RCA Corporation (now Thomson, Inc.), Wal-Mart Stores, Inc., and Sears, Roebuck and Co., alleging a claim for violation of the Illinois Right of Publicity Act, 765 ILCS 1075/15, and a common law claim for misappropriation of name or likeness for commercial purposes. Plaintiffs filed their complaint in state court, but defendants had it removed to the federal court and filed a motion to dismiss. In response, plaintiffs seek to remand the case to the state court. The motion to remand is granted and therefore we do not have jurisdiction to consider the motion to dismiss.

## BACKGROUND

The following facts, taken from plaintiffs' complaint, are, for purposes of these motions, accepted as true. In 2000, plaintiffs, a brother and sister, went to Kings Island Amusement Park in Ohio, where they rode a roller coaster together. The following year, in Cook County, Illinois, Dean discovered that a photograph of him and his sister riding a roller coaster was on the side of an RCA television box. Surprised by his discovery, Dean investigated whether the picture was on other RCA televisions. After Dean found the picture on televisions for sale in

15

several stores, including Wal-Mart and Sears, he informed his sister Rhonda, who was living in Arizona. Rhonda found the picture on RCA televisions sold in Arizona Wal-Marts as well. While in Wal-Mart and Sears stores in the fall of 2003, Dean and Rhonda discovered that the picture of them still appeared on RCA televisions. Plaintiffs deny giving any of the defendants consent to use their name or likeness.

On June 3, 2004, plaintiffs filed a two-count complaint in the Circuit Court of Cook County, Illinois, alleging that the defendants' use of their likenesses without written consent violated the Illinois Right of Publicity Act and constituted a common law tort of misappropriation.[1] On July 8, 2004, defendants filed a joint petition to remove the case to federal court, where we now consider plaintiffs' motion to remand and defendants' motion to dismiss.

## DISCUSSION

Before considering defendants' motion to dismiss, we must first determine whether this action was properly removed to federal court. When a federal court is considering a motion to remand, the party seeking to preserve removal of the case from state court has the burden of establishing federal jurisdiction. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir. 1976)("It is well established that the burden is on the party seeking to remove to establish his right and the case should be remanded if there is doubt as to the right of removal in the first instance."). In their notice of removal, defendants state that removal of this action was proper because § 301(a) of the Copyright Act, 17 U.S.C. § 301(a), completely preempts plaintiffs' state law claims. They maintain that original and exclusive jurisdiction over plaintiffs' claims rests in the United

---

[1] Several courts have observed that in the Seventh Circuit "the right of publicity is equivalent to the right to use a person's name or likeness," see e.g., Glovaroma, Inc. v. Maljack Productions, Inc., 1998 WL 102742 at *6 (N.D.Ill. 1998), thus we use right of publicity and misappropriation of name or likeness interchangeably.

States District Courts pursuant to 28 U.S.C. § 1338.[2] In their motion to remand, plaintiffs argue that the Copyright Act does not preempt their right of publicity claims.

Defendants may remove a state court civil action to federal court if the claim arises under federal law. Fedora v. Cingular Wireless Corporation, 355 F.3d 1069, 1071 (7th Cir. 2004)(citing Beneficial National Bank v. Anderson, 539 U.S. 1 (2003)). Generally, however, a plaintiff may avoid federal court by pleading only state law claims because the well-pleaded complaint rule holds that "a case will not be removable if the complaint does not affirmatively allege a federal claim." Fedora, 355 F.3d at 1071. The Letos did not allege a federal claim. Nonetheless, defendants maintain that this action was properly removed to federal court due to an exception to the well-pleaded complaint rule.

The Supreme Court has recognized two circumstances in which state claims can be removed to federal court: when Congress expressly allows it, or "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial National Bank, 539 U.S. at 8. The Seventh Circuit explains: "Where a federal statute completely preempts the state-law cause of action, the claim, although pleaded in terms of state law, is in reality based on federal law, and therefore the claim is removable under 28 U.S.C. § 1441(b)." Fedora, 355 F.3d at 1071(citing Beneficial, 539 U.S. at 8). Congress has not expressly allowed for removal in these circumstances, so there must be complete preemption to justify removal.

Preemption of a party's state law claim is not equivalent to complete preemption of a state law cause of action. Preemption is a federal defense to a state law claim. Metropolitan Life Insurance Company, 481 U.S. 58, 63 (1987). "As a defense, it does not appear on the face

---

[2] "The district courts shall have original jurisdiction of any civil action arising under an Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." 28 U.S.C. § 1338(a).

of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Id.* It is only the doctrine of complete preemption that has the "preemptive force of federal law" to surmount the well-pleaded complaint rule and convert a state law complaint into a complaint alleging a federal claim. *See* Briarpatch Limited, L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 304 (2d Cir. 2004)(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)).

Both parties believe that the dispositive question for this motion is whether the Letos' state law right to publicity claims are preempted by the Copyright Act under Seventh Circuit precedent. As indicated above, the answer to that question is not dispositive, for even if the claims are preempted, that alone would not give defendants a basis for removal – only a defense to the claims. In Beneficial National Bank, the Supreme Court considered whether an action alleging common law usury against a national bank was properly removed to federal court. 539 U.S. at 3-4. According to the Court, the dispositive question in their inquiry was: "Does the National Bank Act provide the exclusive cause of action for usury claims against national banks?" *Id.* at 9. Likewise, the central question regarding the Letos' motion to remand is: Does the Copyright Act provide the exclusive cause of action for claims of misappropriation of name or likeness? In Beneficial National Bank, the Supreme Court answered the dispositive question affirmatively, noting that the provisions of the National Bank Act, the Court's historical interpretation of the Act, and the special nature of federally-chartered banks, supported the holding that the Act completely preempted all other usury actions against national banks. The Copyright Act, on the other hand, does not provide an exclusive cause of action for misappropriation of name or likeness claims. Though misappropriation of identity claims may in certain cases be preempted by the Copyright Act, *see e.g.*, Baltimore Orioles v. Major League Baseball Players Ass'n, 805 F.2d 663 (7th Cir. 1986); Toney v. L'Oreal U.S.A., Inc., 2004 WL 2093265 (7th Cir. 2004), neither language in the

Copyright Act nor Seventh Circuit precedent supports a finding that the Act completely preempts these claims.

Defendants rely on Briarpatch Limited v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004), to support their contention that the Copyright Act does completely preempt plaintiff's right of publicity claims. Building on the Supreme Court's analysis of complete preemption in Beneficial National Bank, the Second Circuit found that "the district courts have jurisdiction over state law claims preempted by the Copyright Act." *Id.* at 305. In other words, preemption by the Copyright Act is no longer just a defense to state law claims brought in state court, but is now a basis for removal. Even if we accept the Second Circuit's finding, it does not justify removal of the Letos' case.

The Copyright Act preempts a state law claim when two conditions apply: 1) the work giving rise to the plaintiff's claim falls within the subject matter of copyright, and 2) the rights protected by the state law claim are equivalent to one of the rights protected by the copyright law. 17 U.S.C. § 301; *see* Baltimore Orioles, 805 F.2d at 674. In defendants' motion for leave to supplement their reply, they argue that in light of the Seventh Circuit's recent decision in Toney v. L'Oreal, plaintiffs' claims are clearly preempted by the Copyright Act. While Toney does support defendants' contention that plaintiffs' claims are equivalent to a right under § 106[3], fulfilling the second condition, it does not address the relevant issue in an analysis of whether the first condition for preemption applies to the Letos' claims.

The Seventh Circuit has held that an individual's *persona* – the element protected by a right of publicity claim – can fall within the subject matter of copyright. Baltimore Orioles, 805 F.2d at 675-76; *but see* Brown v. Ames, 201 F.3d 654, 658 (5th Cir. 2000)(finding that an

---

[3] "And because the exercise of the Carson Products Company's rights to reproduce, adapt, publish, or display the photos would also infringe upon Toney's right to publicity in her likeness in photographic form, her publicity right is equivalent to the rights encompassed by copyright listed in § 106." Toney, 2004 WL 2093265 at *4.

individual's *persona* is not a work of authorship that falls within the subject matter of copyright, and thus, right of publicity claims are not preempted by the Copyright Act); Downing v. Abercrombie & Fitch, 265 F.3d 994 (9th Cir. 2001). For a *persona* to fall under the scope of copyright as defined by § 102, it must be "fixed" in a tangible medium of expression. 17 U.S.C. § 102. To be "fixed" in a tangible medium of expression a work must be embodied in a copy "by or under the authority of the author." 17 U.S.C. § 101. In Baltimore Orioles, the Seventh Circuit further explained the requirements for a work to be "fixed", using the facts from Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562 (1977), to illustrate. 805 F.2d at 675-76 n.22. The court stated that even if § 301 of the Copyright Act had existed when Zacchini was decided, the plaintiff's right of publicity claim against a television station for recording and broadcasting his human cannonball act would not have been preempted unless he consented to the creation of the recording. *Id.* Without Zacchini's authority to embody his act in a copy, the work would not have been "fixed" or copyrightable, even though the station recorded it. *Id.*

In Toney, there was no question that the plaintiff consented to the creation of the photographs, which fixed her likeness in tangible form, because they were originally taken as part of a modeling contract. Thus, the Seventh Circuit did not analyze this issue in that case. When quoting the definition of "fixed" in Toney, the court omitted the language that requires the authority of the author because it was not relevant to the case. Toney, 2004 WL 2093265 at *3. However, it is relevant in the Letos' case. Defendants have not evidenced that the photographs were taken "by or under the authority" of the plaintiffs and, therefore, we cannot find that the works which plaintiffs seek to protect – their *personas* – are "fixed" and

copyrightable.[4] As the doctrine of complete preemption does not apply to plaintiffs' state law claims, their motion to remand is granted. Of course, in the end, whether plaintiffs' claims are based on statutory or common law rights of publicity or the Copyright Act, they rest on whether there is a valid release for the photograph and the scope of that release. If there was a valid release, a factual matter to be determined in state court, that would impact the state court's disposition of the case: it should dismiss the case for lack of jurisdiction rather than enter judgment for defendants on the state law claims. The end result, however, would be the same – defendants would prevail.

In addition to remand of their case, plaintiffs seek an award of their attorneys' fees resulting from defendants' removal of their action. An order remanding a case may require payment of just costs and actual expenses, including attorneys' fees incurred as a result of removal. 28 U.S.C. § 1447(c). Plaintiffs correctly note that courts have held that bad faith on the part of the removing party is not necessary to award these fees. *See e.g.*, Tenner v. Zurek, 168 F.3d 328, 329 (7th Cir. 1999); Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997). Regardless, an award of attorneys' fees remains within the discretion of the court. As defendants provided a reasonable basis for removal, which presented a valid question regarding copyright preemption, we decline to award attorneys' fees. *See* Castellanos v. U.S. Long Distance Corp., 928 F.Supp. 753, 757 (N.D.Ill. 1996)(denying motion for attorneys' fees

---

[4] In an attempt to show plaintiffs' consented to being photographed, defendants submitted a letter from Getty Images, the company which provided Thomson, Inc. with the photograph, warranting that a third party held a valid release for the picture of plaintiffs. Defendants also submitted the affidavit of Carter Crimm, Production Manager for Thomson, Inc., acknowledging Getty Images' declaration that there was a release. In response, plaintiffs attached affidavits to their reply brief asserting that they never granted a release to Getty Images, Thomson Multimedia, Inc. (which allegedly licensed the photograph from Getty Images), nor any of the defendants. Plaintiffs' affidavits do not directly refute defendants' exhibits since defendants indicate it was a third-party which originally obtained the release, not Getty Images or any of the defendants. Regardless, defendants' affidavit confirming that Thomson, Inc. was told by Getty Images, who was told by a third-party, that there is a release for the photograph is not enough to establish plaintiffs' consent and preemption of their claims at this stage.

where case involved "complex issues" and removing party presented "substantial jurisdictional question.").

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is granted. Therefore, we do not have jurisdiction to rule on defendants' motion to dismiss. Plaintiffs' request for attorneys' fees is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 27, 2004.