inute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4514 | **DATE** | 10/25/2004 |
| **CASE TITLE** | DEAN LETO, et al vs. RCA CORPORATION, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Defendants' motion to reconsider is denied. We will defer ruling on plaintiffs' alternative motion for 1292(b) certification until plaintiffs have had an opportunity to respond, which they should do by November 3, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 2 6 2004 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEAN LETO and RHONDA J. LETO, )
)
        Plaintiffs, )
)
vs. ) No. 04 C 4514
)
RCA CORPORATION (now known as )
THOMSON INC.), WAL-MART )
STORES, INC., and SEARS, ROEBUCK )
AND CO., )
)
        Defendants. )

DOCKETED
OCT 2 6 2004

## MEMORANDUM OPINION AND ORDER

Defendants, RCA Corporation, Wal-Mart Stores, Inc., and Sears, Roebuck and Co., brought this motion to reconsider the court's Memorandum Opinion and Order dated September 27, 2004, granting Dean and Rhonda Leto's motion to remand. Defendants argue that the court made an error of law in remanding the case. This assertion appears to be based on a misreading of our opinion, and so we will further explain our ruling.

As stated in our prior opinion, under the well-pleaded complaint rule a state law action can only be removed to federal court if Congress expressly allows it or a federal statute entirely displaces the state law cause of action through complete preemption. *See* Beneficial National Bank v. Anderson, 539 U.S. 1, 8 (2003). Defendants removed plaintiffs' state law action, which alleged right of publicity claims, on the basis that the Copyright Act completely preempted plaintiffs' claims. Neither the Supreme Court nor the Seventh Circuit has addressed the question of whether the Copyright Act completely preempts right of publicity claims. The Supreme Court has found only three categories of state law actions that are completely

preempted by federal law – actions that fall under the Labor Management Relations Act, 29 U.S.C. § 185, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, and the National Bank Act, 12 U.S.C. §§ 85, 86. *See* Avco Corp. v. Machinists, 390 U.S. 557 (1968); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); Beneficial National Bank, 539 U.S. at 10-11.

The Supreme Court addressed complete preemption by federal law most recently in Beneficial National Bank. In that case the Court held the National Bank Act completely preempts state law usury claims against national banks. It based its decision on prior interpretation of the National Bank Act ("[T]he various provisions of §§ 85 and 86 'form a system of regulations . . . [a]ll the parts [of which] are in harmony with each other and cover the entire subject,'"), the language of the Act ("'[i]n any view that can be taken of [§ 86], the power to supplement it by State legislation is conferred neither expressly nor by implication'"), and the nature of federally-chartered banks ("Uniform rules limiting the liability of national banks and prescribing exclusive remedies for their overcharges are an integral part of a banking system that needed protection from 'possible unfriendly State legislation.'"). Beneficial National Bank, 539 U.S. at 10-11. Analogous circumstances do not support a finding that the Copyright Act completely preempts all state law right of publicity claims.

Courts have repeatedly stressed the extraordinary nature of complete preemption and its limited applicability. *See e.g.*, Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 399 (1987)("On occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim . . . .' But a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under

federal law, thereby selecting the forum in which the claim shall be litigated."); Adkins v. Illinois Central Railroad Co., 326 F.3d 828, 835 (7th Cir. 2003)("The discussions in our recent decisions . . . and the Supreme Court's latest word on the question . . . underscore how narrow the ill-named 'complete preemption' doctrine is."); Vorhees v. Naper Aero Club, Inc., 272 F.3d 398, 403 (7th Cir. 2001)("While these arguments set forth a strong case for federal preemption, they do not answer the more subtle question of whether we are dealing with so-called 'complete preemption' or its more ordinary cousin, 'conflict preemption.'"). Preemption is not complete preemption, and, therefore, rulings that establish federal preemption as a defense to certain state law claims do not establish federal preemption as a basis for removal from state court. See Adkins, 326 F.3d at 835.

Defendants rely on the Seventh Circuit's recent decision in Toney v. L'Oreal, 384 F.3d 486 (7th Cir. 2004), to justify the removal of plaintiffs' actions. Yet, Toney does not hold that the Copyright Act completely preempts right of publicity claims. Complete preemption is not an issue in Toney because the case was removed to federal court on the basis of the plaintiff's Lanham Act claim, which provided federal question jurisdiction. Id. at 488. Toney merely reaffirms that the Copyright Act serves as a defense to certain right of publicity claims. Id. at 492. The plaintiff in Toney acknowledged in her complaint that the defendants held a valid copyright in photographs of her because she had authorized the use of her likeness in an advertising campaign. Her claim was that defendants had used the photographs beyond the terms of their contract. Under these circumstances, the court found that plaintiff's right of publicity claim was preempted by the Copyright Act, noting that a proper claim would have

been for breach of contract.[1] Lacking any precedent from the Supreme Court or Seventh Circuit for the complete preemption of right of publicity claims by the Copyright Act, we declined to find that the Leto action was completely preempted and remanded their case to the state court.

Our prior opinion recognized that the Court of Appeals for the Second Circuit had reached a contrary conclusion regarding complete preemption by the Copyright Act. In <u>Briarpatch Limited v. Phoenix Pictures, Inc.</u>, 373 F.3d 296, 305 (2d Cir. 2004), the court found that "the district courts have jurisdiction over state law claims preempted by the Copyright Act." 373 F.3d at 305. Under <u>Briarpatch Limited</u>, preemption by the Copyright Act was no longer just a defense to state law claims to be determined by state courts, but was now equivalent to complete preemption, justifying removal of the action to federal courts. As we explained, even if we accepted the Second Circuit's reasoning, the Leto action would still be remanded. According to <u>Briarpatch Limited</u>, a state law claim is completely preempted by the Copyright Act when both conditions for preemption under the Act apply to the claim. *Id.* at 305. These conditions are: 1) the work giving rise to the claim falls within the subject matter of copyright, and 2) the rights protected by the state law claim are equivalent to one of the rights protected by the copyright law. 17 U.S.C. § 301.

---

[1] Even if the plaintiff in <u>Toney</u> had not pleaded a Lanham Act claim and the Seventh Circuit had allowed removal on the basis of copyright preemption, it is not clear that the ruling would justify removal in the Leto case. In <u>Toney</u>, the plaintiff states in her complaint that she consented to the photographs and, thus, there is a valid copyright. Plaintiff's own pleading establishes that the Copyright Act applies. Unlike the complaint in <u>Toney</u>, the Leto complaint alleges that they did not consent to be photographed and, therefore, under the allegation of the complaint the defendants could not hold a valid copyright.

Defendants argue that we erred in finding that the work giving rise to the Leto claims did not fall within the subject matter of copyright.[2] When determining whether the Copyright Act preempts right of publicity claims, courts have applied the language of the Act to the concepts of state law right of publicity claims, leading to quasi-metaphysical analysis. Courts have repeatedly identified the "work" giving rise to a right of publicity claim as the plaintiff's *persona*. *See e.g.*, Baltimore Orioles, Inc. v. Major League Baseball Players Association, 805 F.2d 663, 678 n.26 (7th Cir. 1986); Brown v. Ames, 201 F.3d 654, 658 (5th cir. 2000). *Persona* appears to serve as a catch-all term encompassing various types of "work" plaintiff's seek to protect with right of publicity claims, from a performance, as in Baltimore Orioles, to a likeness, as in Toney.

The Seventh Circuit has found that once a *persona* has been "fixed" in a tangible form, such as a photograph, it can fall within the scope of copyright. Baltimore Orioles, Inc., 805 F.2d at 678 n.26. Other circuits disagree, holding that a *persona* does not become copyrightable even if it is depicted in a form which is copyrightable. *See* Brown v. Ames, 201 F.3d 654, 658 (5th Cir. 2000); Downing v. Ambercrombie & Fitch, 265 F.3d 994, 1003-04 (9th Cir. 2001). Regardless, the Seventh Circuit has stated that a *persona* does not automatically fall within the scope of copyright just because it has been captured in a tangible form. In Baltimore Orioles, the Seventh Circuit explained that in order for the work at issue in a right-of-publicity claim to be fixed, the plaintiff must authorize its placement in tangible form. The court used the facts from Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562 (1977), to illustrate the point.

---

[2]It is important to note that even if defendants were correct, this would not call into question our holding, which is based on the finding that the Copyright Act does not completely preempt state law right of publicity claims.

> Take the case of <u>Zacchini v. Scripps-Howard Broadcasting Co.</u>, 43 U.S. 562, 97 S.Ct. 2849, 53 L.Ed.2d 965 (1977), in which Hugo Zacchini sued a television station for violating his right of publicity by broadcasting the entirety of his human cannonball act. Zacchini was decided before § 301(a) became effective, but let us suppose that the same case arises again today. Assuming that Zacchini did not videotape or otherwise record his performance, his human cannonball act would not be fixed in tangible form and could not be copyrighted. Nonetheless, because the work in which he asserts rights would not be fixed in a tangible medium of expression, his right of publicity in his performance would not be subject to preemption. Thus, if a television station were to broadcast his act, he still could sue successfully for violation of his right of publicity in his performance. Merely that the television station might videotape its telecast would not grant the station a copyright in the broadcast of Zacchini's performance or preempt Zacchini's right of publicity. To be "fixed" in tangible form, a work must be recorded "by or under the authority of the author," here Zacchini. *See* 17 U.S.C. § 101 (definition of "fixed"). Because Zacchini did not consent to the telecast, the broadcast could not be "fixed" for the purpose of copyrightability and Zacchini's right of publicity would not be subject to preemption.

<u>Baltimore Orioles</u>, 805 F.2d at 675-76 n.22.

Thus, for Zacchini's work – his cannonball act – to be fixed, he needed to give authority for it to be recorded. The Seventh Circuit is not concerned with the authority of the cameraman who recorded the act on videotape or the television station that aired the tape. The court is focused on the authority of Zacchini, the author of the cannonball act.

The district court opinion in <u>Toney v. L'Oreal USA, Inc.</u>, 2002 WL 31455975 (N.D.Ill. 2002) *aff'd* 384 F.3d 486 (7th Cir. 2004), a case heavily relied upon by defendants, also addressed this issue. As with the Letos, the plaintiff in <u>Toney</u> complained of her likeness, as captured in a photograph, being used for purposes beyond her consent. 2002 WL 31455975 at *1. In its analysis of whether the plaintiff's right-of-publicity claim was preempted by the Copyright Act, the court determined that the plaintiff's likeness was fixed for purposes of copyright because she "was photographed under her authority." *Id.* at *2. In <u>Toney</u>, the plaintiff was a model who authorized the embodiment of her likeness in the photograph; her complaint alleged that

the photograph was later used beyond the terms of her agreement. *Id.* at *1. The Toney court's analysis of whether the relevant work was fixed for purposes of copyright had nothing to do with the authority of the photographer who took the pictures of the plaintiff. Rather, it hinged on whether the plaintiff gave her consent to be photographed. As noted in our prior opinion, the Seventh Circuit's decision did not address this issue because the parties did not raise an argument on appeal regarding the lower court's finding. Toney, 384 F.3d at 489.

Just as Zacchini's act would not be fixed without his authority to record it (regardless of whether the television station videotaped it without authority), the Letos' *personas* are not fixed for the purpose of copyright preemption unless they gave the authority for their likenesses to be recorded in tangible form. Unlike Toney, there is no evidence the Letos were photographed with their authority. Moreover, they do not claim any ownership rights in the photograph. Thus, even under the reasoning of Briarpatch Limited, plaintiffs' claims are not completely preempted, leaving it for the state court to determine whether defendants' preemption defense applies. *See* Kings Choice Neckwear, Inc. v. DHL Airways, Inc., 2003 WL 22283814 at *2 (SDNY 2003)("[A]s a general matter, where there is no diversity jurisdiction, it is for a state court to decide whether federal law provides a defense to state-law claims by preempting those claims.").

## CONCLUSION

For the foregoing reasons, defendants' motion to reconsider is denied. We will defer ruling on plaintiffs' alternative motion for § 1292(b) certification until plaintiffs have had an opportunity to respond, which they should do by November 3, 2004.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 25, 2004.